UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID ANTONIO PEREZ-ESCOBAR, ) ) Petitioner, ) ) v. ) ) ANTONE MONIZ, Superintendent, ) Plymouth County Correctional ) Facility, PATRICIA HYDE, Field ) Office Director, MICHAEL KROL, HSI ) New England Special Agent in ) Charge, TODD LYONS, Acting ) Director, U.S. Immigration and ) Customs Enforcement, and KRISTI ) NOEM, U.S. Secretary of Homeland ) Security, ) ) Respondents. ) | Civil Action No. 25-cv-11781-PBS |

**ORDER**

July 24, 2025

Saris, J.

Petitioner David Antonio Perez-Escobar brings this habeas petition under 28 U.S.C. § 2241 on the grounds that his detention violates 8 C.F.R. § 241.4(*l*) and the Due Process Clause. After review of the record and the supplemental briefing, the Court allows the petition.

As brief background, an immigration court ordered Petitioner removed to El Salvador in 2003 after he failed to appear at a scheduled removal hearing. Petitioner was removed in August 2008. Petitioner unlawfully reentered the United States in May 2019, at

1

which time the U.S. Department of Homeland Security ("DHS") reinstated his prior removal order. Petitioner expressed a fear of returning to El Salvador due to death threats he received after the murders of two family members, so DHS referred him to the Boston Asylum Office for a reasonable fear interview and released him on conditions. See Johnson v. Guzman Chavez, 594 U.S. 523, 531 (2021) (describing the process for seeking withholding of removal for a noncitizen subject to a reinstated removal order). Although a regulation requires that a reasonable fear interview occur within ten days of the referral "[i]n the absence of exceptional circumstances," 8 C.F.R. § 208.31(b), Petitioner has been waiting more than six years for his interview. In the meantime, Petitioner has complied with his conditions of release. He has never been convicted of a crime, and there is no evidence he has engaged in any unlawful activity.

On June 18, 2025, Petitioner checked in as required at a U.S. Immigration and Customs Enforcement ("ICE") field office. ICE detained Petitioner during the check-in. The next day, while in detention, Petitioner received a "Notice of Revocation of Release" stating the following:

> This letter is to inform you that your order of supervision has been revoked and you will be detained in the custody of [ICE]. This decision has been made based on a review of your official alien file and a determination that there are changed circumstances in your case. ICE has determined there is a significant

>likelihood of removal in the reasonably foreseeable future.
>
>ICE has determined that you can be removed from the United States pursuant to the outstanding order of removal against you. On March 19, 2003, you were ordered removed to El Salvador by an authorized U.S. DOJ official and you are subject to an administratively final order of removal. ICE has determined the purpose of your release has been served and it is appropriate to enforce the removal order.

Dkt. 21-5 at 2. ICE officials spoke to Petitioner about his removal on two occasions following his arrest. Petitioner remains detained at the Plymouth County Correctional Facility in Massachusetts.

Under DHS's regulations, DHS may revoke the release of a noncitizen in Petitioner's position if an official determines that 1) "[t]he purposes of release have been served," 2) "[t]he alien violate[d] any condition of release," 3) "[i]t is appropriate to enforce a removal order or to commence removal proceedings against an alien," or 4) "[t]he conduct of the alien, or any other circumstance, indicates that release would no longer be appropriate." 8 C.F.R. § 241.4(*l*)(2). When DHS revokes a noncitizen's release, the noncitizen "will be notified of the reasons for revocation." Id. § 241.4(*l*)(1).

Here, ICE invoked the first and third grounds in its Notice of Revocation of Release, adding that it had determined "there [were] changed circumstances in [Petitioner's] case." Dkt. 21-5 at 2. However, ICE's notice merely asserted that "there is a significant likelihood of removal in the reasonably foreseeable

3

future," that "the purpose of [Petitioner's] release has been served," and that "it is appropriate to enforce the removal order." Id. The notice does not identify any specific changed circumstances to support these assertions. The absence of any such explanation is especially concerning because Petitioner has still not received a reasonable fear interview more than six years after his removal order was reinstated. Petitioner has a statutory right not to be removed to El Salvador if he shows entitlement to withholding of removal, and the reasonable fear interview is a necessary step in the process for applying for that relief. See Johnson, 594 U.S. at 530-32; see also 8 C.F.R. § 208.31 (describing reasonable fear determinations).

ICE's failure to give Petitioner meaningful notice of the basis for its revocation of his release violated the regulation and due process. See Rombot v. Souza, 296 F. Supp. 3d 383, 388 (D. Mass. 2017) ("[W]here an immigration 'regulation is promulgated to protect a fundamental right derived from the Constitution or a federal statute,' like the opportunity to be heard, 'and [ICE] fails to adhere to it, the challenged [action] is invalid . . . .'" (alterations in original) (quoting Waldron v. I.N.S., 17 F.3d 511, 518 (2d Cir. 1993))). Noncitizens, even those subject to a final removal order, are entitled to due process, "[f]reedom from . . . government custody . . . lies at the heart of the liberty that the [Due Process] Clause protects." Zadvydas v. Davis, 533 U.S. 678,

4

690, 693-94 (2001). While a noncitizen released on conditions may be "returned to custody" under certain circumstances, the Supreme Court "has never given ICE a carte blanche to re-incarcerate someone without basic due process protection." Rombot, 296 F. Supp. 3d at 389.

"[T]he essential requirements of procedural due process include adequate notice and an opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Aponte-Rosario v. Acevedo-Vila, 617 F.3d 1, 9 (1st Cir. 2010) (quoting Amsden v. Moran, 904 F.2d 748, 753 (1st Cir. 1990)); see Jimenez v. Cronen, 317 F. Supp. 3d 626, 634 (D. Mass. 2018) (explaining that the "[f]undamental features of procedural due process are fair notice of the reasons for the possible loss of liberty and a meaningful opportunity to address them"). Likewise, under DHS's regulation, "in order to revoke conditional release, the Government must provide adequate notice" and give the noncitizen "an opportunity to respond to the reasons" offered for the revocation. Noem v. Abrego Garcia, 145 S. Ct. 1017, 1019 (2025) (statement of Sotomayor, J.) (quoting 8 C.F.R. § 241.4(*l*))(1). ICE's conclusory explanation for revoking Petitioner's release did not offer him adequate notice of the basis for the revocation decision such that he could meaningfully respond at the post-detention "informal interview." 8 C.F.R. § 241.4(*l*)(1); see Mard v. Town of Amherst, 350 F.3d 184, 189 (1st Cir. 2003) (explaining that "[t]he purpose

5

of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for," the opportunity to be heard (quoting Memphis Light, Gas & Water Div. v. Craft, 436 U.S. 1, 14 (1978))).

Accordingly, the Court **ALLOWS** the habeas petition (Dkt. 1) and **ORDERS** Petitioner released subject to the conditions of release imposed by DHS on May 18, 2019. See Dkt. 21-3.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge